These are case numbers 4-22-0171 and 4-22-0311 consolidated. People in the state of Illinois versus David Preston Brown and Duane Perrion Simmons. And counsel for the opponent, please state your name for the record. Don Lark Jackson. Thank you and counsel for the opponent, you may proceed. Thank you very much. Good morning, your honors. I'm here on behalf of Mr. Brown and Mr. Simmons. This case is really about the People v. Aguilar, which was decided by Supreme Court in 2013, wherein the court found the charge of aggravated unlawful use of a weapon to be unconstitutional. And cases that were decided under that statute were supposed to be void from the very beginning. Simmons first, he pled guilty to the AAUW charge and had several other charges against him to result. Mr. Jackson? Yes, ma'am. Good morning. The court is fully familiar with the facts in this case. And quite frankly, I have a number of questions and I'm guessing my colleagues may have questions also. If we might turn to a couple of those questions to start with, I would appreciate it. That'll be fine. There is a case in the first district, People v. Warner, that was decided and came out this year in 2022 in July, actually came out in July of 2021, I believe. In that case, the first district held that a petitioner must demonstrate his or her innocence of all charges, including ones that were dismissed as part of a negotiated plea agreement. Why should this court not follow the first district's analysis and result in conclusion in that case? Well, because I believe that in both cases, both the Simmons case and the Brown case, they didn't plead guilty to any of the other charges that were pending at the time. They were dismissed with prejudice as a result of their plea to the AAUW charge. And subsequently, go ahead. I'm sorry. But don't we have language in the statute requiring that petitioner show his or her innocence of the offenses charged in the indictment? In other words, if we look at the pleading requirements in subsection D and G, isn't that what is required? And so wouldn't those dismissed charges come within that? So G says, in order to obtain a certificate of innocence, the petitioner must prove by preponderance that, sub three, petitioner is innocent of, and I'm quoting, the offenses charged in the indictment or information. I believe that's the relevant language we're to be looking at. So weren't these charges that were now passed by the state, admittedly, charged originally in the indictment? Yes, they were, your honor. But the defendants, neither one of the defendants had an opportunity to challenge those charges because they were dismissed by the state. Well, counsel, when there's a plea agreement, that's always the case, isn't it? The plea agreement is the defendant will plead guilty to charge one. And for a particular sentence, but as part of the agreement, charges two, three, and four will be dismissed. That's always the case. Yes, that's always the case. But they didn't have an opportunity after the fact to go back and to challenge those other charges because they were dismissed by the state and the statute of limitations on those charges had expired by the time they entered their plea of guilty. The statute, whether they had a chance then or not, isn't their opportunity to do it now to show that they weren't guilty of those crimes? But the statute said, the statute of limitations has expired on those charges. I don't know how the state would ever be in a position. Why does the statute of limitations matter? This is a civil proceeding for a certificate of innocence. Well, that's it. The state is trying to prosecute them. They are the plaintiff seeking to be declared innocent, presumed to the certificate of innocence. Well, let me put it this way. Couldn't the statute say we're not going to let you have that certificate unless you prove you're innocent of any of those charges? In my judgment, that would be a catch-22. I mean, because in all of these cases, when the ancillary charges, the other charges were dismissed and the statute expired on them, the defendants put at an unfair disadvantage because, first of all, the state had every opportunity if they wanted to to try to reinstate those charges and they did. And so, you know, I don't think it's on the defendants to go to the state and say, hey, you've got to reinstate these charges. Well, counsel, again, you're talking about it as if it's a reinstatement of a criminal matter. It isn't. This is a civil proceeding, isn't it? But the underlying charges are criminal charges. They were the ones that would have to be. Well, let me put it this way. Until the legislature passed the certificate of innocence provision, they had no right whatsoever to seek this, did they? I'm sorry. Say again. No defendant had a right to seek the certificate of innocence, even if they were, in fact, innocent of this, until such time as the legislature provided a statutory means of doing so. Isn't that correct? That would be correct. OK, so in providing a statutory means of doing so, maybe the legislature wanted to be very a certificate of innocence to be entered by a court unless the defendant proves to the court he's, in fact, innocent of the charges that were dismissed as part of a plea agreement. They could do that, couldn't they? Well, it seems to me the burden would be on the state to reinstate the charges. Well, you keep saying that, but I keep asking why that is. The state is not seeking to prosecute these people. They instead are seeking to get the certificate of innocence, which will make them feel better, for lack of a better way to put it. And of course, this is a civil proceeding. The burden is on the plaintiffs, and why shouldn't it be? Well, because they're like there are no charges at all pending against them. I think it would be insane for the courts to put the burden on defendants to go back and say to the state, reinstate these charges. It's the legislature, isn't it? The courts aren't putting any burden on them. Didn't the legislature provide that they have to prove their innocence? Well, they haven't. They have nothing to prove with respect to the other charges because they've been dismissed with prejudice. And so they were like there were no charges at all. So I don't know how they would be able to prove their innocence of those charges unless there's something pending against them. Well, sir, the language, again, in the statute refers to not charges that were dismissed or to which they pled guilty, but innocent of the offenses charged in the indictment. So those charges that were subject of a litigation decision by the state, in other words, a decision to nolly cross them, were originally charged in the indictment. And the legislature in plain language, as I see it, has told us that those charges that were originally in the indictment must be proven that the petitioner must prove by preponderance of the evidence that he or she is innocent of those charges that were originally in the indictment. Well, it would seem to me the very fact that the state chose to dismiss those charges is some indication that the state did not believe that they could prove them guilty of those charges. So that's why they dismissed them. So you've been involved in the criminal justice system for a long time. How can you make that argument with regard to plea bargaining, suggesting that the state is dismissing charges through the plea bargaining process because they don't believe they can be proven? That has nothing to do with the plea bargaining process. Well, with all due respect, I would take a different position on that. I would think that the strength or weakness of ancillary charges feed into the decision by the state to dismiss those charges versus a plea to one charge and one charge only. In this case, that was the AAUW charge. And so the state must have believed that they couldn't have proven those charges against them. And that's the reason why they put such a plea bargain in front of them, why the defendants agreed to the AAUW charge. You're arguing to us that the state in plea bargaining, which accounts for about 95% of resolution of these criminal cases, dismisses pending charges to leave just one to be pled guilty in a case like this because the state thinks it can't prove those other charges. That's your argument? I believe that that's been part of the system. And if we disagree with that, do you lose this case on appeal? I'm sorry? If we disagree with that, do you lose this case on appeal? I suppose I do. The decision is in your hands, not mine. Go ahead. I suppose it does. But unfortunately, I don't know what procedure the defendants could follow to show that the other charges that were dismissed by the state, that they could be found guilty of those charges or at least prosecuted. I don't see how the defendants can do that. I don't know what procedures are available. Isn't this kind of what is already going on? For instance, when a defendant brings a post-conviction petition claiming actual innocence, he's required to demonstrate, present evidence showing, hey, I didn't do this. I'm actually innocent. And somehow, aren't defendants gathering such evidence to do that? And what's the procedure for him to do that in this case? Would he go back to the state and say, you know, recharge me with those crimes? Because I have to be in order. A defendant asserts actual innocence. Call witnesses. Put them up. Well, you know, I have to say I'm not familiar with the case that was cited by the court. But at any rate, I've never seen in my 40 years of practice any such procedure that would allow the defendants in this case, the ones that want the certificate of innocence, the ones that had served in Brown's case almost eight years, five to six years, an eight-year sentence for a crime that was no crime. Or in Simmons' case, the full two years for a crime that was no crime. And so he is, according to this statute, he is the one that has to prove that or at least show evidence that he didn't commit the other two crimes. I don't even know what the procedure is for bringing that before the court. So. I'm sorry to interrupt. Time is moving quickly. If I might turn to another question, please. You rely on People v. McClinton, a third district case, in support of your position. But McClinton did not involve a defendant who pled guilty to AUUW in exchange for dismissal of other charges. Additionally, the disputed issue on appeal there concerned the statutory element, this fourth element, which is petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction. Um, why would you think that McClinton nevertheless would be instructive for us as to the interpretation of element number three, what we were the element we were just talking about, the one that says the petitioner is innocent of the offenses charged in the indictment? Why is McClinton helpful to us? Well, I think only because it pretty much recites what the court, the Supreme Court cited in the Aguilar case, that's that the AUW charge from its beginning was a nullity. And therefore, a person could not be convicted of AUW charges based on that statute. And I never even considered and I have to admit that, that they would be in turn required to go back and prove their innocence of the charges that were dismissed by the by the state based on the the based on their plea agreements. But sir, this is what this court is faced with the plain language that was drafted by the legislature. So unless the language isn't plain, and I can't see how it isn't, we are bound by the plain language that the legislature wrote. But my interpretation of that language was that the actual charge that they were both the defendants were found guilty of. That's what we have to prove to the court and not the ancillary charges that were dismissed. I don't know. I don't even know how you get those back before the court. And your support for that position is what sir? Well, it's the Aguilar's decision in general and subsequent cases that were decided. That's my concern. Mr. Jackson, may I ask you, there's case law that tells us that plea bargains are essentially like a contract. In the civil side, we look at contract law and say, a person can't take the benefits of a contract and then challenges validity. Isn't it possible that the legislature decided that the same policies would be true in this contract by having some things dismissed, but now they only want to challenge one other part of the agreement. So, isn't that plausible that that's what the legislature was doing? I suppose anything's plausible, your honor. But that's not the way I interpret the statute. And of course, I'm not the ones going to make the decision in this case. But it seems to me the plain language is for charge that they were convicted of. The AAUW, both men, served time in the penitentiary. And they should not have served time in the penitentiary because it was like it was no charge at all. It was no crime at all from the very beginning. But unanswered is whether they would have served time in the penitentiary on the charges that were dismissed. But is that their fault? Is that their fault or is the state's fault for dismissing those charges? Whose fault is it on a plea agreement? Why is that an issue? I'm sorry? You say it was at their fault, but this was a plea agreement. They entered into this contract, as Justice Dougherty said. How does fault enter into it? They thought this was an agreement that was in their best interest, didn't they? Well, there's no question about that. But still, when you ask, is it their fault? I don't even understand what you're asking. Well, it seems to me the defendants ought to be able to rely on the charge that they were actually convicted of and challenge that charge as to why they served the time they served in the Department of Corrections for a charge that didn't exist. So that argument would have this court disregard any charges that were dismissed? Charges that were dismissed as part of the plea agreement, would it not? And yet the court wouldn't have to do that. It seems to me that the state would then, at that point in time, go back and try to resurrect those charges and give the defendant an opportunity to defend them. You keep on talking about resurrecting the criminal case, even though that's not an issue here. Well, I think it's got to be part of this case, Your Honor. I don't know how it cannot be an issue. That's where I'm having difficulty with it. I don't see why it cannot be an issue. If the state wanted to recharge Mr. Simmons or Mr. Brown, then the state should have tried to resurrect those charges. The state doesn't want to do it. Pardon me? Your clients are bringing this action. The state isn't asked to do anything. All right. Well, that's my argument. I'm looking at what's before me. I'm looking at the statute. I'm looking at the crime that was charged and the time that was served. And for the time that was served, they served time for a non-existent crime. And for that, they're asking to be compensated. That's all. That's what the certificate of innocence is about. As a matter of fact, there's other provisions where if someone has been unjustly sentenced to prison, they can seek compensation. But that's not what this proceeding is about, is it? Well, I think it is, Your Honor. But perhaps I will be proven wrong in terms of my interpretation of the statute. But it seems to me this just has to do with the AAUW charge and the time that they served that charge. And for that, they should be entitled to a certificate of innocence. Now, the state had every option. Okay, Your Honor, Mr. Jackson, you have an opportunity to address this again in rebuttal. Mr. Manchin, you have argument on behalf of the appellate. Good morning, Your Honors. May it please the court, counsel. In this case, the trial court's decision to deny the certificate of innocence was correct  I originally cited Warner as a Rule 23 issue order and included it with my brief. But between the time I wrote my brief and the time it was filed, Warner was reissued as a written opinion. But nevertheless, in Warner, as Justice Zinoff noted, they expressly held that the defendant is required to prove the innocence of all the charges included in the original indictment or information. Although, Mr. Manchin, it doesn't say all the charges, right? It says the charges. Well, the way the Warner court interpreted it as plain language being that it has to be all the charges and not just simply the one charge to which the defendant pled guilty. If we read the statute as a whole, other times we talk about the purpose of the statute relating to charges for which the defendant was incarcerated. Why shouldn't we consider that language when interpreting sections D and F? Well, sorry, D and G. There are two different sections involved there. One section deals with defining the basis of argument and the other one is what you have to prove to get the certificate. And the legislature has put different requirements in both sections. But the legislature have used the same language in D and G as it did in B? I've got it. Well, B is, I know, I know I have to have this and I know I'm looking too. So B is petition shall request certificate of innocence finding petition was innocent of all offenses for which he or she was incarcerated. That's correct. And G and G being the section you refer to in terms of proof, petitioner innocent of the offenses charged in the indictment. So obviously, as Justice Dougherty pointed out, the language is different. Could the legislature have used the language in G that it did in B? It could have, but it didn't. So that they must have intended that that result that you have as when they provide you had to prove your innocence of all the charges of the charges in the indictment, that they meant what they said. So don't we as courts have to presume that the legislature acted intentionally and purposely in the inclusion or exclusion of certain language? And therefore, they intended different meanings? Yes, Your Honor. I think that that is exactly what the Warner Court held, too, is that they use different language in different sections and they must admit what they said. And that were to prove to be entitled to the certificate of innocence. As far as the four elements that are required to prove as set out in section G, the petitioner, it must prove by profoundness evidence that he's innocent of the offenses charged in indictment or information. So if a defendant's charges were subject to a plea agreement, but the plea agreement covered actually two different indictments. So different offenses, different times. The statutes is the indictment. How do we know which one? Well, if there are two separate indictments, I would think that that would be you would look just to the indictment involved in the plea proceeding or. Or the one with you was pled guilty to, but so a defendant who pleads guilty to another offense and A.U.U.W. has to prove innocence of both. But a defendant whose plea agreement. In the same situation, but relates to two different indictments, just has to produce or prove innocence of one. The statute refers to the indictment. I, I, I, I think that it could be interpreted either way that you have to prove the innocence as to both indictments that were involved in the proceeding because they they are all part and parcel of the whole thing. And that would extend to any misdemeanor charges in the indictment. They would have to prove innocence of any misdemeanor charges. The statute says of all offenses of the offenses charged in the indictment, it does not say felony in subsection. Gee, the to be entitled to a certificate, you must be convicted of a felony, but you have to prove innocence of the offenses charged in the indictment or information. And if a state now prostate charge. And then later on, entered into a plea agreement, your position would be that they the petitioning. Defendant still has to prove innocence of a charge that the state dismissed on its own. Prior to the plea. If the charge had been no prost or they are withdrawn prior to the plea, that charge would no longer be in existence at the time of the plea because because it amends the indictment. Yeah, because it's it's it's once it's withdrawn, it's no longer in the indictment. So in that situation, the defendant would not be required. I don't think the defendant would be required to prove his his innocence of the no prost one that was no prost separately from the guilt. OK, what why isn't then the charge that's now processed as part of a plea also. No longer part of the case and no longer part of the indictment. Because it was in existence at the time of the plea. And as Warner says, the statute requires proof of innocence of the charges in the indictment. It doesn't say it doesn't as far as that substitution. It doesn't matter whether the other charges were no process part of the plea or not. Is my understanding correct, Mr. Manchin, that in this case there was one indictment each per defendant? I believe so, yes. There's one indictment with multiple charges and they in a typical plea agreement, they withdrew. Some sections were with no process part of the agreement. But as you know, from your experience, the questions Justice Doherty raises are significant because it's just fortuitous that they happen to be all the same indictment. In this case, they could easily have been multiple charges pending against the defendant. And he pleads guilty to one based upon indictment from three months ago and indictment from six months ago is dismissed. Would that be correct? That's correct. Whether or not this is the best drafted statute is not the point. And the fact that some defendants are included and excluded is built into the statute. And the statute built in refers to the indictment. Also, in response to Mr. Jackson's argument, I asserted that the state has no interest in trying to prosecute these people on the dismissed charges. But maybe I'm speaking too quickly. You're a representative of the state here, Mr. Manchin. Is there any basis to think the state wants to resurrect the dismissed charges in these cases? I have no knowledge of that. And I don't believe that they would have any interest in bringing the charges. But that is irrelevant because this is a civil proceeding brought by the defendant who has to prove four things. And that's what I want to get to the other point, which is, did the defendant cause or bring about his conviction? Well, isn't there a case? I mean, isn't this before the Supreme Court at this point in Washington? Yes, but until the Supreme Court decides, Washington is the law of the land, that a guilty plea, by entering a guilty plea, you have caused or brought about your conviction. And I cannot think of a better example about causing your conviction than pleading guilty. In Pieper versus Amor, which is cited in my brief, they said that the defendant who confessed brought about his conviction, even though the confession was unreliable, possibly false or given to take the fall for somebody else. But here we have a different situation, don't we? I mean, you're asking us to extend Washington's holding to convictions that are void, based on a statute that was void ad monitio. Well, the statute has four elements that you have to prove. And the invalidity or unconstitutionality of the statute is one of the elements. The other element they have to prove is that the defendant did not bring about or cause a conviction. By pleading guilty, he caused his conviction, even though the conviction is invalid. Well, if the offense wasn't a crime to begin with, how does that affect us? Well, it's not a crime, but there was, in fact, a conviction. And it's that conviction, which is what brings about this whole Certificate of Innocence proceeding, is the fact that he was convicted that causes the defendant to bring the Certificate of Innocence. To say, just because the statute is unconstitutional, the guilty plea doesn't cause his conviction, reads out that provision of the statute. The statute says the defendant cannot cause or bring about his conviction. He was convicted. He brought about his conviction by the guilty plea. The invalidity or unconstitutional nature of the statute to which he pled guilty doesn't change the fact that he caused his conviction back when he pled guilty. What if it was a conviction based on a confession that was coerced? That says that he just doesn't have a chance. He's got to prove that. No, he can't even have a chance to prove that, right? Well, according to Amor, I would think that even a coerced conviction, he could be interpreted under Amor as causing or bringing about his conviction. Conviction is within the discretion of the trial courts to determine whether or not the certificate should be issued. A trial judge could determine, although they wouldn't be required to determine, that a coerced confession, that since it was coerced, the defendant did not cause or bring about the confession. That would be a reasonable interpretation that a trial court could make, but I don't know that it would be required to make the determination. If I could return to subsection three for just a minute. If a defendant goes to trial and is found guilty on count one, but not guilty beyond a reasonable doubt on count two, if the defendant later wishes to file a petition for a certificate of innocence on count one, does he now have to prove by a preponderance of the evidence that he's not guilty on count two, even though he was acquitted on the reasonable doubt standard, the higher reasonable doubt standard in trial? It's not cited in my brief because it wasn't raised as an issue, but I think it's people versus fields where they said that even though the defendant was found not guilty beyond a reasonable doubt, the state's inability to prove the case beyond a reasonable doubt is not actual innocence or is not innocence for purposes of this statute. So the defendant in that case would have to prove it? Yes. Like I said, it was not raised in the brief, so it didn't cite it, I believe it's the field's decision that says that a finding of not guilty at trial or a state's inability to prove the case at trial is not the same as innocence under the statute. Why do we think the legislature would have wanted somebody to prove their innocence of dismissed charges in order to get a certificate of innocence on a charge that has now been vacated? Well, I think it's to the contract principles. When you plead guilty, you take the benefits and you can't challenge it. Well, but this provision three applies beyond the plea setting, right? It is. I think that's part of the thing is the contract principles of the guilty plea and the state wants the legislature... Go beyond the plea setting and tell me why we think the legislature would have wanted that. They want to limit this as much, does not want it to apply across the board to all and wants to make sure that only a really innocent person gets the certificate. If the person is maybe convicted of felony theft and the conviction is reversed, he's guilty of theft. He's guilty of theft because of the amount stolen underneath the guidelines, the monetary levels. The defendant would still be... He would not be innocent because he's still guilty of the lesser offense. I think that's the type of scenario we're looking at and that the legislature doesn't want it just to be... Just because you've got one conviction thrown out, that doesn't tie into the certificate of innocence. There's one case I read where the defendant was convicted of the unlawful use of weapons and a separate other charge. I forget what the other charge was and the trial court issued a partial certificate of innocence just for the unlawful use and on appeal it said, no, you don't get it because you're not innocent of all the charges, of all charges because you have that other separate conviction. I think that's also the legislature's intent as far as what you have to prove for the certificate of innocence. I see that my time is about out, so if there are no further questions, I will rely on my brief. Okay, thank you, counsel. I see none. Mr. Jackson, any rebuttals, sir? Not much, your honor. I too will rely on the brief that we filed, but I can only say that this certificate of innocence under the circumstances or as interpreted by the court it was intended only for the time that the individual was actually convicted and served time. It's all about the amount of time that the individual served and the compensation for that time for an unlawful conviction. In this case, the Aguilar decision clearly says this particular charge was void ab initio as the court previously stated and consequently we believe that both Mr. Simmons and Mr. Brown are entitled to receive a certificate of innocence only on this charge. That's the one only one they served time. Thank you, counsel. The court will take this matter under advisement. We stand in recess.